United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 27, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 04-41661
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ENRIQUE SANCHEZ-MORENO,

Defendant-Appellant.

CONSOLIDATED WITH
No. 04-41685

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ENRIQUE MORENO SANCHEZ,

Defendant-Appellant.

-------------------------------------------------------------

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:94-CR-5-ALL
-------------------------------------------------------------

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Enrique Sanchez-Moreno (Sanchez) appeals his 120-month sentence for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Sanchez argues that the district court committed error under *United States v. Booker*, 125 S. Ct. 738 (2005), when it added four offense levels to his base offense level because the firearm was used in connection with another felony offense.

Sanchez preserved this issue by arguing that his sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004). *See United States v. Akpan*, 407 F.3d 360, 376 (5th Cir. 2005). Because the district court sentenced Sanchez based on a felony offense that was neither admitted by him nor proven beyond a reasonable doubt to the jury, the district court committed error under *Booker*. *See United States v. Holmes*, 406 F.3d 337, 364 & n.44 (5th Cir. 2005).

The Government argues that the record demonstrates beyond a reasonable doubt that the district court would not have sentenced Sanchez differently had it acted under advisory Guidelines. The Government's arguments do not meet the "arduous" burden of demonstrating "beyond a reasonable doubt that the Sixth Amendment Booker error did not affect the sentence." *See United*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*States v. Pineiro*, 410 F.3d 282, 284-85, 287 (5th Cir. 2005). Accordingly, Sanchez's sentence for the felon-in-possession-of-a-firearm conviction is VACATED, and the case is REMANDED FOR RESENTENCING. *Id.* at 285-87.

Sanchez also filed a notice of appeal from the revocation of his supervised release. As Sanchez has failed to challenge the revocation of the related sentence on appeal, he is deemed to have abandoned any such challenges. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). The district court's judgment on revocation of supervised release is AFFIRMED.